**\*\* E-filed May 24, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAYTHAN CAPITAL, LLC,<br><br>      Plaintiff,<br>  v.<br>MARIA GOMEZ, et al.,<br>      Defendants.<br>_____/ | No. C11-02083 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket Nos. 1]** |

Plaintiff Kaythan Capital LLC ("Kaythan") filed this unlawful detainer action on February 24, 2011 in Santa Clara County Superior Court. On April 27, 2011, pro se defendant Maria Gomez ("Gomez")[1], a California resident, removed the case to federal court. Docket No. 1 ("Notice of Removal"). For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and

---

[1] The Court notes that "Maria Gomez" was not named as a defendant in Kaythan's complaint. Instead, it named "Maria Azucena Lopez," "Maria Olivia Jaimes," and "Does 1 to 20." Regardless of who Gomez is, as explained below, this Court does not have subject-matter jurisdiction over Kaythan's complaint.

place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Gomez asserts that removal is proper based on diversity. See 28 U.S.C. § 1332(a). However, 28 U.S.C. § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). "This 'forum defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state.'" Spencer, 393 F.3d at 870 (quoting ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.5, at 345 (4th ed. 2003)). Thus, as a local defendant, Gomez does not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b).[2]

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court Judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: May 24, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Nor does Kaythan's complaint on its face establish that this Court might have subject-matter jurisdiction based on a federal question. See 28 U.S.C. § 1331.

2

**C11-02083 HRL Notice will be electronically mailed to:**

**Notice will be provided by other means to:**

Kirkman J. Hoffman
Attorney at Law
2130 The Alameda
Suite 210
San Jose, CA 95126

Maria Gomez
Armand Drive
Milpitas, CA 95035

Phillip Brooks Rose
Law Offices of Kirkman J Hoffman
2021 The Alameda Suite 275
San Jose, CA 95126

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**